### BOUKER CONTRACTING CO. v. DEL GENOVESE.

(Superior Court of New York City, Special Term.   June 10, 1893.)

At chambers.   Defendant demurs to the complaint.   Sustained.

SEDGWICK, C. J.   The complaint does not allege in what state the contract in action was made.   Chapter 687, Laws 1892, refers only to actions on contracts or business done or made in this state.   As no attention was given to this on the argument, none will be given here.   If the procuring under the act the certificate provided for is an essential part of the right of a foreign corporation to sue, it is presumed that the certificate has not been obtained, if that fact be not pleaded.   It is not here pleaded:   The fifteenth section exacts that no foreign stock corporation doing business in this state

without such certificate shall maintain any action in this state until it shall have procured such certificate. Under this, the present action cannot be maintained validly. The plaintiff claims that another part of the section authorizes the bringing of the action. It is: "No such corporation, now doing business in this state, shall do business herein after December 31st, 1892, without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within this state subsequent to such date." The last clause, "but any lawful contract," refers to the first part of the section, and does not introduce any independent, substantial provision. It means that, if the corporation that has obtained authority to do business has made a contract before the authority has been obtained, that contract may be performed and enforced. The word "the" is significant. as indicating a corporation that has obtained authority. I am of opinion that the obtaining of the certificate of authority to do business should have been pleaded. Judgment for defendant on the demurrer, with leave to plaintiff to amend on payment of the costs of the demurrer.